# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:92-CR-00155-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | |
| AMIL DINSIO and JAMES DINSIO, ) | ORDER |
| ) | |
| Defendants. ) | |

THIS MATTER comes now before the Court upon Defendants' Motion to Recall a United States Marshals Probation Violation Warrant (Doc. No. 3) and Petition for Writ of Mandamus (Doc. No. 4) pertaining to that Motion. For the reasons stated below, Defendants' Motion is DENIED.

Defendants pleaded guilty to violations of 28 U.S.C. 18 §§ 2, 371, 2113(a), and 2113(b) on November 24, 1992. On December 17, 1992, Defendants were each sentenced to forty-six (46) months in prison, with a thirty-six (36) month period of supervised release to follow. Defendants served their time in prison and began their period of supervised release on January 3, 1996. The standard conditions of supervised release, including the condition that Defendants "shall not commit another federal, state, or local crime" applied to their release. On October 9, 1996, Defendants were arrested in Rensselaer County, New York, on state charges of robbery, kidnaping, and possession of burglary tools. On October 17, 1996, United States Probation Officer Lisa G. Morris petitioned this Court for a Warrant or Summons for Offender Under Supervision for both Defendants. This Court issued a Warrant for Arrest of Probationer/Supervised Releasee for each Defendant that same day. Because Defendants were in the custody of the State of New York, Detainers were issue by

United States Marshal Edward J. Kelly of the Northern District of New York on October 18, 1996. The Detainers were received and lodged by Patricia Glynn, Inmate Records Coordinator of the New York Department of Correctional Facility, on October 25, 1996. Defendants pleaded guilty to the state charges and were sentenced to twenty-five (25) years imprisonment on September 11, 1997.

Defendants now jointly petition this Court to order the United States Marshals Service to recall its warrants for their supervised release violations. Defendants make four arguments in their Motion: (1) that no petitions were filed in a district court with jurisdiction for violation of their supervised release, (2) that the court failed to conduct a revocation hearing within a "reasonable time" as required by Federal Rule of Criminal Procedure 32.1, (3) that they have been denied Due Process on this issue, and (4) that they are suffering irreparable harm as a result of the warrants.

First, Defendants are factually inaccurate in their statement that no petitions were filed for revocation of their supervised release in a court with jurisdiction. As previously stated, United States Probation Officer Lisa G. Morris petitioned this Court on October 17, 1996, eight days after Defendants were arrested in New York, for a Warrant or Summons for Offender Under Supervision for each Defendant. This Court, which had supervision over Defendants' release, granted those petitions the very same day. These petitions and the Court's subsequent warrants were clearly within the term of Defendants' supervised release. Defendants' argument is therefore factually baseless.

Defendants are also incorrect in their understanding of the law regarding the "reasonable time" requirement. While it is, of course, true that a district court with jurisdiction must hold a revocation hearing within a reasonable time, Defendants' argument does not take into account the fact that they have been incarcerated in the State of New York since their arrest. Federal Rule of Criminal Procedure 32.1(a)(1) states, "A person in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge." Rule 32.1(b)(1) then

provides that "a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." Rule 32.1(b)(2) further requires that in order to revoke supervised release, the hearing must be held within a "reasonable time." Defendants' argument regarding "reasonable time" neglects the fact that "[o]n its face, rule 32.1 applies only when a probationer is held in custody 'on the ground that he has violated a condition of his probation . . . .'" United States v. Sackinger, 537 F. Supp. 1245, 1249 (W.D.N.Y. 1982).[1] Defendants, however, were not in custody for violating their terms of supervised release. They were in custody on state charges and have been so since October 9, 1996. They will not be in custody for violation of their supervised release until they are released from the custody of the State of New York. When they are released, Defendants will be transferred to the custody of the United States Marshals Service pursuant to the Detainers lodged against them. It is at that time that the procedural protections of Rule 32.1 will become relevant and that Defendants must be brought before this Court within a reasonable time. See United States v. Blunt, 680 F.3d 1216 (8th Cir. 1982) (holding that Rule 32.1 was not violated when defendant's revocation hearing was held after his release from state incarceration). Defendants' "reasonable time" argument is therefore without merit.

Defendants' Due Process arguments must similarly fail. This Court is of the opinion that

> the government has an interest in imposing some penalty for a violation of probation which is distinct from the state's interest in punishing criminal offenders and which justifies delaying the commencement of probation violation proceedings . . . . In this manner, the government can seek to have the state sentence and any federal sentence which may be imposed run consecutively. Thus, the possibility that a probationer may lose the opportunity to serve the state and federal sentences concurrently is simply not the type of prejudice which is subject to the protection of the due process clause in a probation violation proceeding.

---

[1] Although this case and other authority cited in this Order refers to "probation" and the "probationer," the Court notes that "the constitutional protections for revocation of supervised release [are] the same as those afforded for revocation of parole or probation." United States v. Sanchez, 225 F.3d 172, 175 (2nd Cir. 2000).

Sackinger, 537 F. Supp. at 1251. In other words, the federal government has an interest in seeing that its supervised release terms are adhered to. Defendants have not adhered to those terms. Although they are currently facing state consequences for their actions, the federal government has not yet had an opportunity to impose its own consequences. It will do so at the earliest possible occasion, namely when Defendants are released from state custody. This process does not offend Due Process.

Finally, having decided against Defendants on their first three arguments, this Court does not agree that Defendants are being irreparably harmed by the warrants lodged against them. The warrants were issued properly, in a timely fashion, and will be executed as soon as possible. If such execution was considered irreparable harm susceptible to redress, no Defendant would ever face prosecution for violation of the law. The Court therefore rejects Defendants' irreparable harm argument.

For the foregoing reasons, Defendants' Motion is hereby DENIED.

IT IS SO ORDERED.                    Signed: October 23, 2007

Frank D. Whitney
United States District Judge